UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TORIBIO RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 12-11392-FDS |
| | ) | |
| DAVOR B. KVATERNIK, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

SAYLOR, J.

On July 30, 2012, plaintiff Toribio Rodriguez, proceeding *pro se*, filed a complaint against defendant Davor B. Kvaternik. In the complaint, plaintiff contends that he suffered permanent injury from defendant's alleged medical malpractice. He does not specify when this malpractice occurred or what medical services he received from defendant. Defendant has moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction and insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(5). For the reasons set forth below, that motion will be granted.

In his complaint, plaintiff contends that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 but provides no basis for this conclusion. To establish diversity jurisdiction, plaintiff must demonstrate (1) that parties are "citizens of different states" and (2) that "the matter in controversy exceeds $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. The complaint alleges that plaintiff is a resident of Lawrence, Massachusetts, and that defendant practices medicine in Salem, New Hampshire. However, an individual's citizenship is based on his domicile, not his place of work. *Padilla-Mangual v. Pavia Hosp.*, 516 F.3d 29, 31 (1st Cir.

2008).  Further, plaintiff's complaint does not allege any particular amount in damages nor any basis for inferring damages.

Defendant, in his motion to dismiss, contends that the parties are not diverse and that plaintiff has failed to show that the amount in controversy exceeds $75,000.  With his motion to dismiss, defendant submitted an affidavit in which he states that he is domiciled in Andover, Massachusetts.  Because plaintiff is also a citizen of Massachusetts, he argues, there is no diversity of citizenship between the parties and this Court lacks subject matter jurisdiction.

"Once challenged, the party invoking subject matter jurisdiction has the burden of proving by a preponderance the facts supporting jurisdiction."  *Padilla*, 516 F.3d at 31 (internal quotations marks omitted).  For purposes of the amount in controversy, "[a] party may meet this burden by amending the pleadings or by submitting affidavits."  *Department of Recreation & Sports of Puerto Rico v. World Boxing Ass'n,* 942 F.2d 84, 88 (1st Cir. 1991).

Plaintiff has not met this burden, as he has neither opposed the motion to dismiss nor moved to amend the complaint to address the domicile issue or satisfy the amount in controversy requirement.  Accordingly, plaintiff has not demonstrated that jurisdiction is proper under 28 U.S.C. § 1332 and this Court need not reach the question of insufficient service of process.

For the foregoing reasons, the Motion to Dismiss of defendant Davor B. Kvaternik is GRANTED.

**So Ordered.**

                                                            /s/ F. Dennis Saylor
                                                            F. Dennis Saylor IV
                                                            United States District Judge

Dated: March 29, 2013